UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| MOONDANCE PARTNERS, LP | : | |
| Debtor | : | Bankruptcy No. 05-19440BF |

...............................................

ORDER

...............................................

AND NOW, this 13th day of June 2006, upon the debtor's request to confirm its "amended plan of reorganization," dated January 10, 2006,

And upon objection by the Commonwealth of Pennsylvania,[1]

And after a confirmation hearing, at which time the debtor's sole limited partner, Wilson Rigdon, III, who is also an officer of its corporate general partner, acknowledged that the plan needed modification, as it did not provide for the secured proof of claim filed by the City of Philadelphia, and its proposed treatment for another secured creditor was not as the debtor had intended,

And the debtor's proposed plan lists four impaired classes of creditors. Its report of plan voting disclosed that only one accepting ballot was received. This ballot was submitted by Wilson O. Rigdon, Jr. and Phyllis C. Rigdon: the parents of Wilson Rigdon, III,

And as Wilson Rigdon, III is a person in control of the partnership debtor, and as his parents are his relatives (as defined by 11 U.S.C. § 101(45)), the sole ballot cast in this chapter 11 case was submitted by an "insider" within the definition of 11

---

[1]At the conclusion of the hearing, the United States trustee agreed with the Commonwealth that the debtors' proposed plan should not be confirmed.

U.S.C. § 101(31)(C)(ii).  See Matter of Woodbrook Associates, 19 F.3d 312, 321 (7th Cir. 1994); In re Dean, 166 B.R. 949, 954 (Bankr. D.N.M. 1994),

And in order to confirm a plan under section 1129, "[i]f a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider." 11 U.S.C. § 1129(a)(10); Matter of Greystone III Joint Venture, 995 F.2d 1274, 1277-78 (5th Cir. 1991), cert. denied, 506 U.S. 821 (1992).  The provisions of section 1129(a)(10) must be met in order to confirm a plan under chapter 11.  See, e.g., In re Bloomingdale Partners, 170 B.R. 984, 994 (Bankr. N.D. Ill. 1994); see generally In re Dupell, 2000 WL 192972, at *3 (Bankr. E.D. Pa. 2000).  Moreover, these provisions are applicable here since Moondance's plan impairs the unsecured creditor class, as well as others, within the meaning of section 1124,

And if one discounts the ballot submitted by Dr. and Mrs. Rigdon as insiders, no impaired class of creditors has accepted the debtor's proposed plan,

Accordingly, it is hereby ordered that confirmation is denied.  See Matter of Woodbrook Associates, 19 F.3d at 321,

And after considering the testimony offered, it is possible that this debtor may be able to confirm a second amended plan.  At the confirmation hearing, the debtor requested leave to do so,

Therefore, it is hereby ordered that the debtor has thirty (30) days from the date of this order to file and serve any further proposed amended plan and accompanying disclosure statement.  See generally 11 U.S.C. § 1112(b)(5).  If no further amended plan

2

is timely filed or ultimately approved, this case may be converted to chapter 7 or

dismissed.

                                                          BRUCE FOX
                                   United States Bankruptcy Judge

copies to:

Moondance Partners
1936 Spruce Street
Philadelphia, PA 19103

Albert A. Ciardi , III, Esq.
Ciardi & Ciardi, P.C.
One Commerce Square
2005 Market Street, Suite 2020
Philadelphia, PA 19103

United States Trustee
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

Christos A. Katsaounis, Esq.
Pennsylvania Department of Revenue
Dept. 281061
Harrisburg, PA 17128-1061